IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *
                                *
        v.                      *   Criminal No. WMN-01-0422
                                *
TIRON WHEELER                   *

*   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM AND ORDER

Defendant Tiron Wheeler was convicted in January 2003 of conspiracy to commit carjacking, carjacking, interstate transportation of stolen property, and discharging a firearm during and in relation to a crime of violence. Wheeler was sentenced to twenty years in prison on April 29, 2003. Wheeler appealed his conviction and sentence to the Fourth Circuit Court of Appeals and his conviction and sentences were affirmed. On April 25, 2005, Mr. Wheeler moved to vacate his sentence under 28 U.S.C. § 2255 and that motion was denied. He moved for reconsideration of that decision and that motion was denied. He appealed that decision and that appeal was dismissed. On May 25, 2010, Mr. Wheeler filed a motion for modification of sentence pursuant to 28 U.S.C. § 3582(c)(2) and that motion was denied on October 7, 2010.

On October 28, 2013, Mr. Wheeler filed a pleading that he captioned as a "Motion for Relief From Proceedings Pursuant to Federal Rule of Civil Procedure 60(b)(6)," ECF No. 146, which he

has now supplemented or amended on several occasions. ECF Nos. 147, 149, 150, and 153. These pleadings raise various procedural and substantive challenges to his sentence and, thus, are clearly in the nature of claims that would be brought in a motion under 28 U.S.C. § 2255. The Court notes that Mr. Wheeler makes no reference to the previous § 2255 proceedings. As such, Mr. Wheeler is presenting an unauthorized successive petition under § 2255(h) and not a true Rule 60(b) motion. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (holding that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application") (citations and internal quotations omitted). The Court also notes that, if Mr. Wheeler were truly bringing a motion pursuant to Rule 60(b)(6), it clearly would be time barred under Rule 60(c).

Accordingly, it is this 13th day of August, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Defendant's motion, ECF No. 146, is DISMISSED; and,

(2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to Defendant and all counsel of record.

                                     /s/
                             William M. Nickerson
                             Senior United States District Judge